Exhibit 1

## SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

CONSTRUCTION LOAN SERVICES II, LLC, a Washington Limited Liability Company

Plaintiff,

v.

VBC TRACY LLC, a Foreign Limited Liability Company; JOHN DOES 1–10, individuals,

Defendants.

NO.   25-2-07954-1

PLAINTIFF'S COMPLAINT

Plaintiff Construction Loan Services II, LLC ("Plaintiff CLS II") alleges as follows:

## I.  PARTIES AND JURISDICTION

1.    Plaintiff.   Plaintiff CLS II is a Washington limited liability company with its principal place of business located in Pierce County, Washington.

2.    Defendant VBC Tracy LLC.   Defendant VBC Tracy LLC ("Defendant VBC") is a foreign limited liability company who at times relevant to this dispute engaged in business in Pierce County, Washington.

3.    John Doe Defendants.   John Does 1–10 are other defendants, including without limitation the members, managers, officers, and/or agents of Defendant VBC directing or engaging in the acts and/or omissions described in this Complaint,

PLAINTIFF'S COMPLAINT - 1

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA  98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

{21520/0014/4911-2229-1763-2}

including unlawfully retaining the subject funds, who are also liable for Plaintiff CLS II's damages.

4.    <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter and parties in this action. Defendant VBC engaged in business in the State of Washington at times relevant to this dispute and the transactions that are subject to this action were entered into and occurred in the State of Washington.

5.    <u>Venue</u>.  Venue is proper before this Court because some or all of the events pertinent to Plaintiff CLS II's claims occurred in Pierce County, Washington; Defendant VBC engaged in business in Pierce County, Washington at times relevant to this dispute; and transactions and wrongs complained of herein occurred in Pierce County, Washington.

## II.  FACTS

6.    <u>Agreement</u>.  Plaintiff CLS II and Defendant VBC entered into an Agreement and Bill of Sale dated January 22, 2025 ("Agreement").  Therein, Plaintiff CLS II and Defendant VBC agreed that Plaintiff CLS II would purchase 214 modular building units from Defendant VBC in exchange for $2,561,762.00 ("Purchase Payment").

7.    <u>Payment Instructions</u>.  The Agreement specifies the Purchase Payment should be made by wire transfer and includes wire instructions and Defendant VBC's account information.

8.    <u>Fully Integrated Agreement</u>.  The Agreement is a fully integrated agreement and states that the Agreement constitutes the entire agreement between the parties and any prior understanding or representation of any kind preceding the date of the Agreement shall not be binding upon either party except to the extent incorporated in the Agreement.

9.    <u>Purchase Payment</u>.  On or about January 23, 2025, Plaintiff CLS II wired $2,561,762.00 to Defendant VBC pursuant to the Agreement.

PLAINTIFF'S COMPLAINT
- 2

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA  98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

10.  Duplicate Payment.  On or about February 5, 2025, due to an error, Plaintiff CLS II mistakenly sent an additional $2,561,762.00 to Defendant VBC ("Duplicate Payment").

11.  Notification of Payment Error and Demand for Return.  Upon discovery of the Duplicate Payment, Plaintiff CLS II notified Defendant VBC of the error and demanded Defendant VBC immediately return the Duplicate Payment funds.

12.  No Entitlement to Duplicate Funds.  Defendant VBC is not entitled to the Duplicate Payment funds under the Agreement or otherwise.

13.  Acknowledgment of Receipt.  Defendant VBC acknowledged receipt of the Duplicate Payment.

14.  Refusal to Return Funds.  Defendant VBC has refused to return the Duplicate Payment funds to Plaintiff CLS II.

15.  Damages.  To date, Defendant VBC has failed to return the Duplicate Payment funds to Plaintiff CLS II, which has caused Plaintiff CLS II to suffer damages in the amount of not less than $2,561,762.00.

16.  Concerns that Funds Are Being Spent.  Upon information and belief, Defendant VBC is using and will continue to use the Duplicate Payment funds for company operating expenses and/or other purposes.

## III.  CAUSES OF ACTION

**A.    Conversion**

17.  Re-Allegation.  The preceding allegations are re-alleged as if set forth in full herein.

18.  Conversion.  Defendant VBC willfully interfered with chattel, in this case money, belonging to Plaintiff CLS II without lawful justification.

PLAINTIFF'S COMPLAINT
- 3

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA  98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

19. <u>Unlawful Retention</u>.   Defendant VBC is obligated to return the Duplicate Payment funds to Plaintiff CLS II and has refused to do so. Defendant VBC has therefore unlawfully retained the Duplicate Payment funds.

20. <u>Depriving Plaintiff of Possession</u>.   As a result of Defendant VBC's unlawful retention, Plaintiff CLS II has been wrongfully deprived of the $2,561,762.00 Duplicate Payment.

21. <u>Damages</u>.   Plaintiff CLS II has been damaged by Defendant VBC's conversion in an amount not less than $2,561,762.00.

**B.   Unjust Enrichment**

22. <u>Re-Allegation</u>.  The preceding allegations are re-alleged as if set forth in full herein.

23. <u>Unjust Enrichment</u>.   Defendant VBC has unjustly enriched itself at the expense of Plaintiff CLS II in a manner that is inequitable at law.  A person who is unjustly enriched at the expense of another is liable in restitution to the other.

**C.   Injunction**

24. <u>Re-Allegation</u>.  The preceding allegations are re-alleged as if set forth in full herein.

25. <u>Clear legal Right</u>.  Plaintiff CLS II has a clear legal right to the Duplicate Payment funds.

26. <u>Invasion of Plaintiff's Right</u>.  Defendant VBC has invaded Plaintiff CLS II's rights by refusing to return the Duplicate Payment funds.  Plaintiff CLS II has significant concerns that Defendant VBC is spending and will continue to spend the Duplicate Payment funds on company operating expenses or for other purposes.

27. <u>Immediate and Irreparable Injury</u>.  The foregoing will cause immediate and irreparable injury to Plaintiff CLS II for which it is entitled to a temporary restraining order, preliminary injunction, and/or permanent injunction.

PLAINTIFF'S COMPLAINT
- 4

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

{21520/0014/4911-2229-1763-2}

28.  <u>Injunctive Relief</u>.  Plaintiff CLS II is entitled to an order enjoining Defendant VBC from accessing, transferring, liquidating, withdrawing and using the Duplication Payment funds and directing Defendant VBC to sequester the Duplicate Payment funds for the duration of this lawsuit and/or return the Duplicate Payment funds to Plaintiff CLS II.

**D.   Declaratory Judgment.**

29.  <u>Re-Allegation</u>.  The preceding allegations are re-alleged as if set forth in full herein.

30.  <u>Actual, Justiciable Controversy</u>.   An actual, justiciable controversy exists regarding the respective rights and duties under the Agreement and entitlement to the Duplicate Payment funds.

31.  <u>Declaratory Judgment</u>.  Under Chapter 7.24 RCW, Plaintiff CLS II is entitled to a declaratory judgment that Defendant VBC is not entitled to the Duplicate Payment funds under the Agreement or otherwise and such funds should be returned to Plaintiff CLS II.

# IV.  RESERVATION

32.  <u>Reservation</u>.  Plaintiff CLS II reserves the right to add additional claims and/or parties as investigation and discovery may warrant.

# V.  RELIEF REQUESTED

WHEREFORE, Plaintiff CLS II requests the following relief:

A.   An award in favor of Plaintiff CLS II and against Defendant VBC of all monetary damages owed to Plaintiff CLS II in an amount to be proven at trial.

B.   An award in favor of Plaintiff CLS II and against Defendant VBC for pre-judgment and post-judgment interest in the maximum amount allowed by law.

C.   An award in favor of Plaintiff CLS II and against Defendant VBC for all attorney fees and costs available at law, including but not limited to Chapter 7.24 RCW.

PLAINTIFF'S COMPLAINT
- 5

{21520/0014/4911-2229-1763-2}

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA  98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

D.    For entry of a temporary, preliminary, and/or permanent injunction as requested herein.

E.    For a CR 64 Prejudgment Writ of Sequestration and/or other corresponding or equivalent remedies authorized thereunder.

F.    For an order pursuant to RCW 4.44.480 directing Defendant VBC to deposit the Duplicate Payment funds in the Court registry.

G.    For declaratory relief as requested herein.

H.    For leave to amend this complaint as justice and equity require.

I.    For such other relief in Plaintiff CLS II's favor as the Court deems just and equitable.

DATED this 18th day of April, 2025.

MONTGOMERY PURDUE PLLC


By: _____
Benjamin I. VandenBerghe
WA State Bar No. 35477
Email: biv@montgomerypurdue.com
Kaya R. Lurie
WA State Bar No. 51419
Email: klurie@montgomerypurdue.com
701 Fifth Avenue, Suite 5500
Seattle, WA 98104
Phone: (206) 682-7090
Fax: (206) 625-9534
*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT
- 6

MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

# SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

CONSTRUCTION LOAN SERVICES II,
LLC, a Washington Limited Liability
Company,

              Plaintiff,

      v.

VBC TRACY LLC, a Foreign Limited
Liability Company; JOHN DOES 1–10,
individuals,

              Defendants.

NO.   25-2-07954-1

SUMMONS

TO: ABOVE-NAMED DEFENDANT(S)

A lawsuit has been started against you in the above-entitled court by Plaintiff Construction Loan Services II, LLC ("Plaintiff").  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after the service of this summons if served within the State of Washington, and within 60 days after said service if served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where Plaintiff is entitled to what is asked for in the complaint because you have not responded.  If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a

SUMMONS - 1

**MONTGOMERY PURDUE** PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA  98104-7096
TEL (206) 682-7090  FAX (206) 625-9534

{21520/0014/4922-4383-5443-1}

1    default judgment may be entered.

2        You may demand that the Plaintiff file this lawsuit with the court.  If you do so,

3    the demand must be in writing and must be served upon the undersigned attorney for

4    the Plaintiff.  Within 14 days after you serve the demand, the Plaintiff must file this

5    lawsuit with the court, or the service on you of this summons and complaint will be

6    void.

7        If you wish to seek the advice of an attorney in this matter, you should do so

8    promptly so that your written response, if any, may be served on time.

9        THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules

10   of the State of Washington.

11       DATED this 18th day of April 2025.

12

13                                MONTGOMERY PURDUE PLLC

14

15   By: _____
     Benjamin I. VandenBerghe
16   WA State Bar No. 35477
     Email: biv@montgomerypurdue.com
17   Kaya R. Lurie
     WA State Bar No. 51419
18   Email: klurie@montgomerypurdue.com
     701 Fifth Avenue, Suite 5500
19   Seattle, WA 98104
     Phone: (206) 682-7090
20   Fax: (206) 625-9534
     *Attorneys for Plaintiff*
21

22

23

24

25

26

SUMMONS - 2

{21520/0014/4922-4383-5443-1}