UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONSTRUCTION LOAN SERVICES II LLC<br>Plaintiff,<br>vs.<br>VBC TRACY LLC; JOHN DOES 1-10,<br>Defendants. | Civil Action No. 3:25-cv-05347-TMC<br>**DEFENDANT VBC TRACY LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Construction Loan Services II, LLC ("CLS") asks this Court to remand the case and impose attorneys' fees, all while conceding that it cannot identify the citizenship of multiple entities in its own ownership structure. CLS' motion rests on an incredibly complex ownership chain that must be clarified. Defendant VBC Tracy LLC ("VBC") removed this case in good faith based on the information available to it at the time the time of removal (*e.g.*, CLS' Complaint) and CLS' own vague jurisdictional allegations contained in the Complaint. The Complaint alleged only that CLS "is a Washington limited liability company with its principal place of business located in Pierce County, Washington." *See* ECF No. 1-3 at ¶ 1. Based on the Complaint, VBC reasonably relied on the face of the Complaint and CLS has not provided any publicly available evidence supporting its Motion to Remand.

CLS only offers a declaration that reveals a minimum of seven layers of ownership but fails to provide the citizenship of four core LLCs and expressly admits it lacks information about other upstream entities. CLS cannot obscure its jurisdictional facts and then fault VBC for not



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

anticipating what it did not disclose. Thus, VBC respectfully requests the Court permit jurisdictional discovery and deny CLS' request for attorneys' fees and costs.

## II. STATEMENT OF FACTS

On April 18, 2025, Plaintiff CLS filed this action in Pierce County Superior Court asserting claims in tort and equity related to an alleged "overpayment" by CLS to VBC concerning modular homes purchased by CLS from VBC. The Complaint alleged that CLS is a "Washington limited liability company" but provided no further information about the identity or citizenship of its members. *See* ECF No. 1-3 at ¶ 1. On April 24, 2025 VBC removed this case pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. At the time of removal, VBC had no access to CLS' internal ownership structure or records. Instead, VBC relied, and justifiably so, on the limited jurisdictional allegations in CLS' Complaint and publicly available Washington Secretary of State business records.

On May 1, 2025, CLS moved to remand back to state court, asserting for the first time, that it is a citizen of Delaware and that complete diversity is lacking. In support, CLS submitted a declaration from its general counsel, Marcus Skeem, revealing a minimum seven-layer ownership structure. The Skeem Declaration asserts, without any documentary support, that: CLS' sole member is HAT Finance LLC, whose sole member is HAT Holdings LLC, whose sole member is Builders Capital Intermediate Holdings LLC, whose sole member is Builders Capital Holdings LLC. *See* ECF No. 06 at ¶¶ 2-5. However, ***CLS provided no information regarding the citizenship of any of these four LLCs***. *Id.* Rather, the Skeem Declaration merely states that they are "limited liability company[ies]." *Id.*

Additionally, Builders Capital Holdings LLC's four members are BIMQuote Corporation ("BIMQuote"), HAT Investors Corporation ("HAT Investors"), Saluda Grade Alternative Lending & Fintech Growth Fund I LP ("Saluda"), and ICP Ventures LLC ("ICP"). *Id.* at ¶ 6. The Skeem Declaration asserts that BIMQuote and HAT Investors are Delaware



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

corporations with their principal places of business in Washington. However, the Skeem Declaration also concedes that CLS "does not presently have information regarding the membership" of Saluda or ICP. *Id.* at 9-10. These express gaps in CLS' knowledge preclude an conclusive determination of its citizenship. Without jurisdictional discovery into this complicated corporate structure, VBC and this Court is left to trust the veracity of the declaration. This Court should permit VBC to serve targeted document requests on CLS' corporate structure and take the deposition of a corporate designee.

Lastly, on May 8, 2025, VBC filed a motion to dismiss based on lack of personal jurisdiction, forum *non conveniens*, and failure to state a claim. *See* ECF No. 12.

## III. ARGUMENT AND AUTHORITY

### A. Legal Standard

A party removing to federal court need only support its removal by plausible allegations at the time of filing. *See Williams v. Warner Music Grp. Corp.,* 782 Fed. App'x 652, 653 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.") (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019)). Courts have discretion to permit jurisdictional discovery where "facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Laub v. United States Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed.").

Attorneys' fees are only awarded where removal was "objectively unreasonable. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 132 (2005) ("Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal").



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

### B. VBC's Removal Was Objectively Reasonable and Based on the Limited Information Available.

Attorneys' fees under 28 U.S.C. § 1447(c) are inappropriate where the removing party had an objectively reasonable basis for removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("the standard for awarding fees should turn on the reasonableness of the removal"). Removal is not objectively unreasonable simply because removal may turn out to be incorrect; instead fees are reserved for circumstances where removal is clearly foreclosed by law or based on no plausible jurisdictional theory. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). At the time of removal, VBC acted reasonably, and in good faith, based on the limited jurisdictional information available to it; namely the allegations contained in CLS' Complaint and publicly available business information about CLS. CLS' Complaint described it only as a "Washington limited liability company with its principal place of business located in Pierce County, Washington" and failed to identify a single member or allege its complete citizenship. *See* ECF 1-3 at ¶ 1. CLS now faults VBC for failing to disprove diversity based on jurisdictional facts CLS never disclosed - facts it continues to obscure even in support of its motion to remand.

Federal courts do not require removing defendants to establish jurisdiction with absolute certainty at the time of removal. Rather, a notice of removal need only include "a plausible allegation" of jurisdiction. *See Williams*, 782 Fed. App'x at 653 (9th Cir. 2019). Further, the Ninth Circuit as recognized that in complex cases involving layered limited liability structures, jurisdictional facts are often inaccessible to parties at the outset. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) ("We also hold that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants.").



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Here, VBC had no pre-removal discovery rights and no access to CLS' internal ownership records. The Complaint was silent as to member identities and did not disclose any multi-layered corporate structure. The Washington Secretary of State's public business filings identified CLS as a Washington entity, without any reference to a Delaware affiliation. *See* Office of the Secretary of State, Corporations and Charities Filing System, Construction Loan Services II, LLC at **Exhibit 1.** Indeed, CLS' Certificate of Formation letter confirms the entity was incorporated in Washington. *See* Certificate of Formation at **Exhibit 2**. Based on the limited information available, VBC plausibly alleged diversity jurisdiction in accordance with governing law.

CLS now contends that it is a citizen of Delaware based on numerous downstream layers of a corporate structure but offers *no actual member-level citizenship for four core LLCs:* HAT Finance LLC, HAT Holdings LLC, Builders Capital Intermediate Holdings LLC. Further, CLS affirmatively admits that it does not presently have information about the membership of Saluda Grade Alternative Lending & Fintech Growth Fund I GP LLC, Saluda Grade Ventures LLC, and ICP Ventures LLC. These concessions not only confirm that VBC lacked access to critical jurisdictional facts but also demonstrate that even CLS itself cannot confirm the absence of diversity jurisdiction.

VBC relied on the face of the Complaint and publicly available information, removed before any discovery had occurred, and identified jurisdiction based on CLS' own characterization of its business entity and the absence of any contradictory information. VBC acted promptly, and reasonably. VBC's removal should not be sanctionable.

### C. CLS' Own Declaration Confirms a Complex Ownership Structure.

CLS' own supporting Declaration undermines its motion to remand by revealing a convoluted, multi-layered ownership structure and simultaneously conceding material gaps in citizenship information. The Skeem Declaration identifies at least five tiers of ownership,



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

beginning with CLS and extending upward through HAT Finance LLC, HAT holdings LLC, Builders Capital Intermediate Holdings LLC, and Builders Capital Holdings LLC. Yet, CLS fails to provides the citizenship of any of these four intermediate LLCs - despite asserting that their structure is the basis for defeating diversity jurisdiction. *See* ECF 6. at ¶¶ 2-5.

Further, Builders Capital Holdings LLC includes among its members additional entities for which CLS offers incomplete or non-existent jurisdictional information, including Saluda Grade Alternative Lending & Fintech Growth Fund I GP LLC, Saluda Grade Ventures LLC, and ICP Ventures LLC. *Id.* at ¶¶ 9-10. CLS expressly concedes that it "does not presently have information regarding the membership" of these entities. *Id.*

This is not a minor omission. In the Ninth Circuit, and as CLS asserts in its Motion, "a limited liability company is a citizen of every state of which its owners/members are citizens." ECF 05 at 9 (citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Indeed, as CLS describes, "[t]his process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members." *Id.* (citing *Hooks v. Spire Hosp., LLC*, 2023 WL 2611795, at *1 (W.D. WA. Mar. 23, 2023)). CLS has not met this standard. Rather, it has affirmatively admitted that it cannot meet this standard.

Worse, CLS urges the Court to credit its assertion that diversity is defeated simply because two intermediate entities, BIMQuote Corporation and HAT Investors Corporation, which are allegedly incorporated in Delaware, own portions of Builders Capital Holdings LLC. However, CLS has provided no supporting documentation for these claims. CLS asks the Court to accept these bare jurisdictional conclusions while conceding that it lacks critical information about other entities further up the chain. CLS cannot argue that diversity is defeated while simultaneously admitting that it lacks key facts necessary to perform the legal analysis. These



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

factual conflicts and omissions demonstrate that jurisdiction is not yet capable of resolution and that discovery is required before any ruling on remand.

### D. The Court Should Allow Jurisdictional Discovery Before Ruling on Remand.

Given the incomplete and contradictory record presented by CLS, the Court should allow jurisdictional discovery before ruling on remand. Jurisdictional discovery is appropriate where "facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Courts permit limited jurisdictional discovery when the jurisdictional facts are controlled by the opposing party. *See, e.g.*, *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1087 (9th Cir. 2014) (collecting cases) (holding "that when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants.").

This principle applies here. The facts necessary to determine CLS' actual citizenship are uniquely within CLS' possession. VBC, as the removing party, had no access to these internal records at the time of removal and still lacks them today. CLS has admitted it does not know who owns several of the entities in its chain and has declined to provide citizenship information for four others. Where the party asserting a defect in jurisdiction simultaneously concedes it lacks the facts necessary to support its own argument, jurisdictional discovery is essential. The Court should not remand this action based on speculation and incomplete disclosures. Instead, it should permit narrowly tailored discovery to ensure the jurisdictional analysis rests on a complete and reliable record.



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

## IV. CONCLUSION

As set forth above, VBC respectfully requests the Court (1) stay consideration of the Motion to Remand pending jurisdictional discovery and (2) deny CLS' request for attorneys' fees and costs.

**DATED** this 22nd day of May, 2025.

BENNETT BIGELOW & LEEDOM, P.S.

By s/ William J. Leedom
William J. Leedom, WSBA No. 2321
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: wleedom@bbllaw.com
Attorneys for VBC Tracy LLC

BLANK ROME LLP

By: s/ Daniel E. Rhynhart
Daniel E. Rhynhart (*Admitted Pro Hac Vice*)
Dan.Rhynhart@blankrome.com
Kevin M. Eddy (*Admitted Pro Hac Vice*)
Kevin.Eddy@blankrome.com
Danielle C. Hudson (*Admitted Pro Hac Vice*)
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By s/ William J. Leedom
William J. Leedom, WSBA No. 2321
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: wleedom@bbllaw.com
Attorneys for VBC Tracy LLC