HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| CONSTRUCTION LOAN SERVICES II, LLC,<br>Plaintiff,<br>v.<br>VBC TRACY LLC; JOHN DOES 1-10,<br>Defendants. | Case No. 3:25-cv-05347-TMC<br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND FOR AN AWARD OF FEES AND COSTS<br>NOTE ON MOTION CALENDAR: THURSDAY, MAY 29, 2025 |

# I. RELIEF REQUESTED

Plaintiff Construction Loan Services II, LLC ("CLS II") respectfully requests the Court grant its motion to remand the above matter to the Pierce County Superior Court. Without disclosing information to determine the proper citizenship of CLS II and failing to prove the complete diversity of citizenship required to support removal, Defendant VBC Tracy LLC ("VBC") brazenly removed this matter to federal court mere hours before the Pierce County Superior Court was to hear CLS II's motion requesting the issuance of a temporary restraining order. In similar fashion, VBC's Opposition to Plaintiff's Motion to Remand ("Opposition") does not even address the main issue, i.e., *the parties lack complete diversity of citizenship* to allow this Court to have original jurisdiction over the parties and claims.



**MONTGOMERY PURDUE PLLC**
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

Nowhere in VBC's Opposition does it even address the fact that both parties are citizens of Delaware for the purpose of analyzing whether this Court has original jurisdiction. Instead, VBC resorts to damage control and makes red herring arguments in an attempt to cover up its bad faith removal of this matter to federal court to avoid the temporary restraining order hearing. VBC's Opposition highlights it did not have the requisite information regarding CLS II's citizenship to support removal. For the reasons stated in CLS II's Motion, in this Reply, and as supported by the parties' declarations and corporate disclosure statements, CLS II respectfully requests this Court remand this matter to Pierce County Superior Court.

## II. AUTHORITY AND ARGUMENT

### A. It is Indisputable the Parties Lack Complete Diversity of Citizenship and, therefore, the Court Lacks Original Jurisdiction and Must Remand to State Court

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). VBC bears the burden of establishing that removal is proper. *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Courts strictly construe the removal statute against removal jurisdiction. *Id*. at 566. If there is any doubt about the right to remove a case, federal jurisdiction must be rejected. *Id*.

As provided plainly in CLS II's Motion (which is supported by the Skeem Declaration): CLS II's ownership structure is laid out in ample detail for this Court to determine that the parties do not have complete diversity of citizenship. VBC does not (and cannot) dispute the applicable law in determining the parties' citizenship for analyzing whether there is complete diversity of citizenship.[1] Here, it is indisputable CLS II is a citizen of Delaware. VBC does not present any evidence to contradict this

---

[1] *See generally*, Dkt. No. 14, Opposition.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

fact. It is also indisputable that VBC is a citizen of Delaware. Again, VBC does not present any evidence to contradict this fact. Accordingly, this Court does not have original jurisdiction of this case and should remand it to the Pierce County Superior Court.

**B. Jurisdictional Discovery is Not Warranted Here and will Only Delay the Inevitable Remand of this Matter to State Court**

VBC's Opposition is plagued with red herring arguments that are inapposite for determining the ultimate issue of whether complete diversity exists to support this Court's removal jurisdiction. Specifically, VBC incorrectly alleges that there are "express gaps in CLS' knowledge preclude[ing] [a] conclusive determination of its citizenship"[2] and VBC needs "jurisdictional discovery" into CLS II's "complicated corporate structure."[3] VBC's points are unavailing. Moreover, VBC's request for jurisdictional discovery is further evidence of its attempts to use procedural tools inappropriately to delay this matter and preclude CLS II from seeking injunctive relief.

Jurisdictional discovery may be warranted where "question[s] of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). However, there are no controverted questions of jurisdiction, public records confirm CLS II's citizenship in Delaware, and a more satisfactory showing of the facts is not necessary to determine there is a lack of diversity of citizenship. There is no dispute regarding the applicable law in determining the citizenship of a limited liability company. Marcus Skeem, CLS II's co-general counsel, submitted a declaration based upon his personal knowledge and his files and records outlining CLS II's ownership structure. Additionally, public

---

2 Dkt. No. 14, at p. 3.

3 *Id.*



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

records show CLS II is a limited liability company and the state of incorporation (CLS II) for CLS II's corporate parent companies, BIMQuote Corporation and HAT Investors Corporation.[4] BIMQuote Corporation and HAT Investors Corporation are not intermediate entities that necessitate further analysis up the chain of ownership/members of CLS II because they are corporations. The citizenship of a corporation is its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Both BIMQuote Corporation and HAT Investors Corporation are incorporated in Delaware. Furthermore, both parties have filed their corporate disclosure statements with the Court, which reveal both entities are citizens of Delaware for diversity jurisdiction purposes.[5] Therefore, no further analysis is necessary, and further jurisdictional discovery is meaningless.

Finally, VBC's case law regarding the necessity for further jurisdictional discovery is distinguishable. In *Carolina Cas. Ins. Co.*, jurisdictional discovery was warranted because the plaintiff erroneously pled the LLC defendants' states of organization and principal place of business, as if the defendant LLCs were corporations. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1085 (9th Cir. 2014). Except for VBC's off-hand misstatement that CLS II is somehow a corporation (when it is not), the Court can analyze the parties' citizenship based on the limited liability company members/owners provided in the record and in the parties' supporting declarations. Given the clear showing of a lack of complete diversity of citizenship between CLS II

---

[4] Federal Rules of Evidence Rule 201 allows the Court to take judicial notice of a fact that is not reasonably subject to dispute. Included with this Reply is CLS II's Certificate of Formation which is publicly available for VBC to rely on—which it chose not to. Furthermore, included with this Reply are screenshots of the aforementioned business search results from the Delaware state website showing HAT Investors and BIMQuote Corporation are citizens of Delaware. *See* FRE 201.

[5] Dkt. No. 2 and No. 11.



**MONTGOMERY PURDUE PLLC**
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

and VBC, further discovery is unnecessary as the citizenship analysis shows by undisputed evidence that CLS II and VBC are citizens of Delaware.

### C. An Award of CLS II's Attorney Fees and Costs is Appropriate Here

VBC's removal of this matter is objectively unreasonable. VBC removed this matter from Pierce County Superior Court mere hours before the hearing on CLS II's request for a temporary restraining order. Further, VBC removed this matter in bad faith by alleging: "Upon information and belief, at the time Plaintiff commenced this civil action, and at all times since, Plaintiff Construction Loans Services II, **LLC**, was and is a corporation organized and existing under the laws of the state of Washington. . .."[6] CLS II is a limited liability company (as appropriately acknowledged by VBC in its review of CLS II's Complaint) with its public filing information readily available for VBC. Indeed, VBC confirmed in its Opposition it reviewed this information prior to removal, which emphasizes VBC's bad faith conduct.[7]

It was not reasonable for VBC to take the position that this Court held original jurisdiction over the parties when it is clear VBC, at best, failed to conduct its own due diligence, or at worst, intentionally misstated CLS II's citizenship to avoid the TRO hearing. Accordingly, VBC's brash actions to remove this matter to Pierce County Superior Court under the guise that CLS II was somehow a corporation and there was complete diversity of citizenship is unpersuasive, and CLS II requests this Court award it its attorney fees in costs for having to bring its motion.

---

[6] Dkt. No. 1, ¶9 (emphasis added).

[7] Dkt. No. 1-3, ¶1.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

## III. CONCLUSION

CLS II requests its motion be granted and that this Court remand this matter to the Pierce County Superior Court. Further, CLS II requests this Court award it its attorney fees and costs for having to bring this motion.

DATED this 29th day of May 2025.

I certify this reply contains 1,234 words, in compliance with the Local Civil Rules.

MONTGOMERY PURDUE PLLC

*s/ Benjamin I. VandenBerghe*
Benjamin I. VandenBerghe
WA State Bar No. 35477
Email: biv@montgomerypurdue.com

*s/ Kaya R. Lurie*
Kaya R. Lurie
WA State Bar No. 51419
Email:
klurie@montgomerypurdue.com

*s/ Michael L. Parrott*
Michael L. Parrott
WA State Bar No. 55703
Email:
mparrott@montgomerypurdue.com

701 Fifth Avenue, Suite 5500
Seattle, WA 98104
Phone: 206-682-7090

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

DATED this 29th day of May 2025.

lisa j Hanlon

Lisa Hanlon



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534