UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONSTRUCTION LOAN SERVICES II LLC
Plaintiff,

vs.

VBC TRACY LLC; JOHN DOES 1-10,

Defendants.

Civil Action No. 3:25-cv-05347-TMC

**DEFENDANT VBC TRACY LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULES 12(b)(2) AND (6) AND THE DOCTRINE OF FORUM *NON CONVENIENS*, OR IN THE ALTERNATIVE, TO TRANSFER**

**NOTE ON MOTION CALENDAR: THURSDAY, JUNE 5, 2025**

**ORAL ARGUMENT REQUESTED**

## I. INTRODUCTION

Plaintiff Construction Loan Services II, LLC's ("CLS") opposition does not salvage its complaint. CLS misstates the factual record and ignores controlling law. CLS' argument boils down to two actions by VBC that claim that VBC purposefully directed actions to the state of Washington – entering into the Bill of Sale with a Washington entity and that entity sending a wire transfer to VBC. Neither of these actions establish purposeful direction to the state of Washington under the controlling "effects" standard - a standard CLS failed to address in its opposition.

CLS' arguments on forum *non conveniens* and transfer are equally flawed. CLS challenges the availability of alternative forums for purposes of forum *non conveniens* and transfer, suggesting without explanation that neither the Eastern District of California nor the Eastern District of Pennsylvania would be proper. This case remains in federal district court and



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Defendant VBC Tracy LLC ("VBC") has expressly consented to jurisdiction in both of those districts. CLS offers no legal or factual basis for why either venue would be unavailable to it. Finally, CLS' claims for conversion and unjust enrichment fail as a matter of law. The materials VBC cited in support of its motion are either expressly referenced in the complaint, central to CLS' claims, or provide necessary context for CLS' allegation that VBC wrongfully retrained the duplicate payment. CLS' suggestion that the Court must convert the motion into one for summary judgment is incorrect. Further, even when exclusively limited to the four corners of the complaint, CLS still fails to state claims upon which relief can be granted. Accordingly, VBC's motion to dismiss should be granted.

## II. CLS CANNOT ESTABLISH PERSONAL JURISDICTION OVER VBC

CLS bears the burden to show that this Court may exercise personal jurisdiction over VBC. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citations omitted). CLS has not met that burden. Rather than apply the controlling "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984) that governs this analysis, CLS leans on a list of forum-adjacent facts and mischaracterizes them as Washington-directed conduct. Yet, when those assertions are viewed through the proper legal framework, they fall flat.

CLS fails to identify any intentional act by VBC that gives rise to jurisdiction. VBC signed the Bill of Sale in Pennsylvania. It received the alleged duplicate payment in Pennsylvania. CLS does not allege that *VBC* took any action in Washington. The events CLS relies on, which distill down to the execution of the Bill of Sale and the transfer of funds, occurred entirely outside the state. CLS also offers no basis to conclude that VBC expressly aimed any conduct at Washington. The only connection to the forum is that *CLS* happened to be based there and chose to send a payment from its Washington account. VBC did not target Washington in any way. Finally, CLS fails to show that VBC knew harm would be suffered in Washington. CLS assumes that because CLS is based in Washington, any injury must have



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

been felt there. However, CLS does not allege, let alone explain, how VBC would have known that any impact would be localized to Washington, especially when the parties' relationship centered on property located in California.

Because CLS has not satisfied a single prong of the "effects" test, it is has not carried its burden, and this Court lacks personal jurisdiction over VBC.

## III. DISMISSAL UNDER FORUM NON CONVENIENS OR A TRANSFER IS WARRANTED

CLS' opposition challenges the adequacy of alternative forums without explaining why either the Eastern District of Pennsylvania or the Eastern District of California are unavailable. CLS instead relies on conclusory assertions that neither district can hear the case, yet CLS fails to identify any procedural or practical barrier that would prevent it from pursuing its claim in either forum. This case remains situated in federal district court. VBC has expressly consented to jurisdiction in both the Eastern District of Pennsylvania or the Eastern District of California, and CLS has not offered any facts establishing that litigation in either venue would be unduly burdensome or unjust.

The requirement that an adequate alternative forum exists for forum *non conveniens* will be satisfied when the defendant is amenable to process in the other jurisdiction and the remedy provided is not "so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006). VBC has unequivocally stated its willingness to litigate this matter in both the proposed forums, which are each familiar with the relevant legal principles and capable of adjudicating CLS' claims. Further, CLS does not argue that any witness, document, or other piece of relevant evidence would be inaccessible in either jurisdiction, nor does it identify any inconvenience that would rise to the level of warranting continued proceedings in this Court over a district where a jurisdiction is not contested. Because CLS failed to rebut the availability of adequate alternative forums, and



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

because the balance of private and public interest factors favors resolution elsewhere, dismissal is warranted.

If the Court were to consider transfer rather than dismissal, 28 U.S.C. § 1404(a) authorizes transfer to any district where the case "might have been brought" based on the convenience and the interest of justice. *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (quoting § 1404(a)). VBC has consented to jurisdiction in the Eastern District of California and CLS has not shown that this forum would be inconvenient or unjust. Where, as here, there is no meaningful barrier to transfer and the proposed forum is available and appropriate, transfer under § 1404(a) is warranted.

## IV. CLS' CLAIMS FAIL AS A MATTER OF LAW

CLS contends that VBC's Motion must be treated as one for summary judgment because it references facts and documents "outside the pleadings." Opposition at 12-13. This argument misstates the law and mischaracterizes the motion. VBC's Motion is a facial challenge under Rule 12(b)(6) and the materials cited are properly considered at this stage under-well-established standards. A court evaluating a Rule 12(b)(6) motion may consider not only the complaint itself but also the documents attached to the complaint, documents incorporated by reference, and matters subject to judicial notice. "Under the doctrine of incorporation by reference, the Court may not only consider documents attached to the complaint on a 12(b)(6) motion, but also documents whose contents are alleged in the complaint, provided the complaint necessarily relies on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested." *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022) (internal quotations omitted). *See also Fed. Trade Com'n v. Doxo, Inc.*, No. C24-0569 TSZ, 2025 WL 887311, at *6 (W.D. Wash. Mar. 21, 2025) ("A court may consider evidence on which the "complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.") (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

CLS' compliant expressly references the Bill of Sale and VBC's refusal to return the duplicate payment. *See* ECF No. 1-3 at ¶¶ 6, 14. The remaining materials CLS challenges including allegations about VBC's application of the duplicate payment to outstanding obligations, its treatment of the payment as a loan disbursement, and the associated storage costs and performance delays either appear in CLS' concurrently filed TRO and are central to CLS' claims or provide necessary context for VBC's refusal to return the duplicate payment, which is explicitly alleged in the complaint. Even if CLS were correct that certain facts or documents extended beyond the permissible boundaries of a Rule 12(b)(6) motion, conversion to a summary judgment motion is not automatic. The Court has discretion to exclude those materials and proceed solely on the fact of the complaint. *See* Fed. R. Civ. P. 12(d); *Richfield v. Fish Food Banks of Pierce Cty.*, No. C14-5516-BHS, 2015 WL 300484, at *2 (W.D. Wash. Jan. 22, 2015) (choosing to exclude matters outside the pleadings that were presented on a Rule 12(b)(6) motion).

Further, even when exclusively considering the four corners of the Complaint, CLS still fails to plausibly state claims for conversion or unjust enrichment. CLS alleges that it made two payments to VBC in connection with the purchase of modular housing units and that the second payment was made in error and not returned. *See* ECF No. 1-4 at ¶¶ 6, 10, 14. Nowhere does the Complaint allege that CLS had an immediate right to reclaim the funds, or that VBC's retention of the second payment was unauthorized or wrongful at the time it occurred. Paragraph 19 asserts that "VBC is obligated to return the Duplicate Payment funds" and likewise, Paragraph 20 alleges that "[a]s a result of Defendant VBC's unlawful retention" CLS has been damaged. *Id.* at ¶¶ 19-20. However, these are legal conclusions, not factual



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

allegations, and are therefore not entitled to a presumption of truth under Rule 12(b)(6). *See Chen v. Sur La Table, Inc.*, 655 F. Supp. 3d 1082, 1087 (W.D. Wash. 2023) ("The court is not required, however, to accept as true a 'legal conclusion couched as a factual allegation.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The complaint does not allege any *facts* showing that *CLS* had an immediate right to possession of the funds once transferred, which is necessary to state a claim for conversion. *See Aventa Learning, Inc. v. K12, Inc.*, 830 F. Supp. 2d 1083, 1105 (W.D. Wash. 2011). ("Under Washington law, the elements of conversion are an unjustified, willful interference with a chattel which deprives *a person entitled to the property of possession*.") (emphasis added). Similarly, and as raised in VBC's Motion, CLS's unjust enrichment claim is foreclosed by the existence of the Bill of Sale. *See* Motion at 13. Washington courts do not permit quasi-contract claims such as unjust enrichment where the subject matter is governed by a valid contract. *See Hurlbut v. Crines*, 473 P.3d 263, 270 (Wash. Ct. App. 2020) ("[T]he courts will not allow a claim for unjust enrichment in contravention of a provision in a valid express contract.") (internal citation omitted). At most, the complaint alleges a billing dispute within the scope of the parties' contractual dealings, not a plausible basis for relief.

## V. <u>CONCLUSION</u>

As set forth above, there are three independent reasons this Court should dismiss this case: (1) there is no personal jurisdiction over Defendant VBC; (2) the doctrine of forum *non conveniens* favors dismissal because either the Eastern District of California or the Eastern District of Pennsylvania are adequate, alternative forums for this dispute; and (3) CLS failed to state a claim for conversion and unjust enrichment. Each is a separate, independent, and legally sufficient ground to support the dismissal of this case in its entirety. Alternatively, this action should be transferred to the Eastern District of California where all operative facts occurred.



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

**DATED** this 5th day of June, 2025.

BLANK ROME LLP

By: s/ Daniel E. Rhynhart
Daniel E. Rhynhart (*Admitted Pro Hac Vice*)
Dan.Rhynhart@blankrome.com
Kevin M. Eddy (*Admitted Pro Hac Vice*)
Kevin.Eddy@blankrome.com
Danielle C. Hudson (*Admitted Pro Hac Vice*)
Danielle.Hudson@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

BENNETT BIGELOW & LEEDOM, P.S.

By s/ William J. Leedom
William J. Leedom, WSBA No. 2321
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: wleedom@bbllaw.com

Attorneys for VBC Tracy LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By s/ William J. Leedom

William J. Leedom, WSBA No. 2321
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: wleedom@bbllaw.com
Attorneys for VBC Tracy LLC