UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONSTRUCTION LOAN SERVICES LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>VBC TRACY LLC, a Foreign Limited Liability Company; JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:25-cv-05347-TMC<br><br>ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Construction Loan Services II LLC's ("CLS") Motion to Remand and Defendant VBC Tracy LLC's ("VBC") Motion to Dismiss. Dkt. 5; Dkt. 12. The action began in state court, where CLS sued VBC for allegedly retaining an accidental duplicate payment for a construction contract. Dkt. 1-3. After VBC refused to return the duplicate payment, CLS brought claims against VBC for conversion and unjust enrichment. *Id.* ¶¶ 17–23.

VBC then removed the case from Washington state court. Dkt. 1. VBC claims that this Court has federal subject matter jurisdiction over the case because the parties are diverse. *Id.* CLS moved to remand the case to state court, arguing that the LLCs' members' citizenship

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 1

destroys diversity. Dkt. 5. VBC responded, Dkt, 14, and CLS replied. Dkt. 15. While the Motion to Remand was pending, VBC also moved to dismiss the case. Dkt. 12. CLS responded, Dkt. 16, and VBC replied, Dkt. 20.

The Court has considered the briefing filed in support of and in opposition to the motions. For the reasons below, the Court GRANTS the Motion to Remand. Dkt. 5. Accordingly, the Court cannot rule on the Motion to Dismiss, Dkt. 12, because the Court lacks jurisdiction.

## II.     BACKGROUND

This case arises out of a dispute between Plaintiff CLS and Defendant VBC. *See* Dkt. 1-3. On January 22, 2025, the parties entered an agreement for CLS to purchase 214 modular building units from VBC for $2,561,762. *Id.* ¶ 6. The agreement required the payment be made by wire transfer. *Id.* ¶ 7. On January 23, CLS wired the full payment to VBC. *Id.* ¶ 9. But on February 5, "due to an error," CLS "mistakenly sent an additional $2,561,762" to VBC. *Id.* ¶ 10. When CLS realized its mistake, the company notified VBC of the error and demanded the duplicate payment be returned. *Id.* ¶ 11. CLS alleges that VBC acknowledged that it had received the payment but refused to return the funds to CLS. *Id.* ¶¶ 13–14.

CLS then filed a complaint in the Superior Court of Washington for Pierce County on April 18, 2025. Dkt. 1 ¶ 1. CLS served VBC on April 23, 2025. *Id.* CLS brought claims for conversion and unjust enrichment and requested both an injunction and declaratory judgment. *Id.* ¶¶ 17–31. Simultaneously, CLS moved for a temporary restraining order, *see generally* Dkt. 1-5, due to fears that VBC was using the duplicate payment funds "for company operating expenses and/or other purposes." Dkt. 1-3 ¶ 16.

The next day, VBC removed the action to this Court, claiming that the case properly belonged in federal court under the diversity jurisdiction statute, 28 U.S.C. § 1332. Dkt. 1 ¶¶ 4–5. VBC claimed that the parties were diverse and that the amount in controversy, $2,561,762,

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 2

satisfied the jurisdictional requirement. *Id.* ¶¶ 3, 5–6. On May 1, 2025, CLS moved to remand the case to state court, claiming that the parties were not in fact diverse. *See generally* Dkt. 5. And on May 8, VBC moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. 12.

The briefing for both motions is complete, and the motions are ripe for the Court's consideration.

### III.   LEGAL STANDARD

An action brought in state court is removable to federal district court only if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441. A party may claim that a federal court has subject-matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Diversity jurisdiction has two requirements. 28 U.S.C. § 1332. First, "[d]iversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Second, the amount in controversy must exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1332).

The removal statute is construed narrowly, and any doubts about removal are resolved in favor of remanding the case to the state court. *Id.* (citing *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Accordingly, on a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. *Gaus*, 980 F.2d at 566; *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has

the burden of establishing it.") (citation modified). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

### A.   Motion to Remand

CLS moves to remand the case, arguing that the parties lack diversity, and requests costs and fees. Dkt. 5 at 8–11. Both CLS and VBC are limited liability corporations ("LLCs"). *See, e.g.*, Dkt. 1-3 ¶¶ 1, 2. For purposes of diversity jurisdiction, an LLC is a citizen of all states where its members are citizens. *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir.), *cert. denied*, 145 S. Ct. 158 (2024). Citizenship is determined by all the members of the LLC. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members.") (citation modified). If one of the LLC's members is a citizen of the same state as its adversary, then diversity of citizenship is lacking. *See Voltage*, 92 F.4th at 822.

Where an LLC's members are themselves LLCs, the party must provide information about the citizenship of those LLCs as well, which is similarly determined by establishing the citizenship of each member. *See Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) (examining the citizenship of a limited partnership whose partners included LLCs by looking to the citizenship of the members of those LLCs). "This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members." *Hooks v. Spire Hosp., LLC*, No. C23-389RSL, 2023 WL 2611795, at *1 (W.D. Wash. Mar. 23, 2023).

In the state-court complaint, CLS identifies itself as a "Washington limited liability company with its principal place of business located in Pierce County, Washington." Dkt. 1-3 ¶ 1. CLS classifies VBC as a "foreign limited liability company" who engaged in business in Washington. *Id.* ¶ 2.

Yet in VBC's notice of removal, VBC identifies CLS as "a corporation organized and existing under the laws of the state of Washington, with its principal place of business in Washington[.]" Dkt. 1 ¶ 9. VBC does not, at any point, identify the citizenship of any of CLS's members, *see generally id.*, though VBC does analyze the citizenship of its own members. *See id.* ¶ 10–23. Rather, VBC considers CLS's citizenship as if the entity were a corporation. *See id.*

In CLS's motion for remand, the company explains first that it is an LLC, and second that it is a citizen of both Delaware and Washington through its members. Dkt. 5 at 9–10. CLS's sole member is HAT Finance LLC, whose sole member is HAT Holdings LLC. *Id.* at 4. HAT Holdings' sole member is Builders Capital Intermediate Holdings, LLC, whose sole member is Builders Capital Holdings LLC. *Id.*

Builders Capitol Holdings LLC has several members, but the two relevant here are BIMQuote Corporation and HAT Investors Corporation. *Id.* A corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Johnson*, 437 F.3d at 899 (citing 28 U.S.C. § 1332(c)(1)). BIMQuote is incorporated in Delaware and its principal place of business is in Washington. Dkt. 5 at 4. HAT Investors Corporation is incorporated in Delaware and its principal place of business is in Washington. *Id.* Accordingly, the two corporations are citizens of both Delaware and Washington. *See id.* And, consequently, so is CLS. *See, e.g.*, *Johnson*, 437 F.3d at 899.

CLS then explains that VBC is a citizen of Delaware, California, Pennsylvania, New York, and Germany. Dkt. 5 at 10. VBC is also an LLC, whose sole member is Volumetric

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 5

Holdings LP. *Id.* at 5. Volumetric has fourteen members. *Id.* One member, Certainteed, LLC is an LLC whose sole member is Saint-Gobain Delaware Corporation, a corporation incorporated in Delaware with its principal place of business in Pennsylvania. *Id.* at 6.

Accordingly, both CLS and VBC are citizens of Delaware, and there is not complete diversity between the parties. *See, e.g.*, *Voltage*, 92 F.4th at 822; *Johnson*, 437 F.3d at 899. The Court lacks jurisdiction and must remand the case. 28 U.S.C. § 1447(c).

Even so, VBC argues that the case should remain in this Court. VBC does not contest that one of its members is a citizen of Delaware, nor does it contest that one of CLS's members is a citizen of Delaware. *See generally* Dkt. 14. Instead, VBC points to CLS's convoluted membership structure and the fact that CLS cannot identify the citizenship of all its members. Dkt. 14 at 1–2, 5–7; Dkt. 6 ¶¶ 2–10. VBC explains that CLS "offers a declaration that reveals a minimum of seven layers of ownership but fails to provide the citizenship of four core LLCs and expressly admits it lacks information about other upstream entities. CLS cannot obscure its jurisdictional facts and then fault VBC for not anticipating what it did not disclose." Dkt. 14 at 1–2. Thus, VBC urges the Court to allow jurisdictional discovery and to deny CLS's related request for attorney's fees and costs for the motion to remand. *Id.* at 7.

But VBC's argument relies on a flawed premise. It is VBC's burden—not CLS's burden—to establish that removal was proper. *See, e.g.*, *Gaus*, 980 F.2d at 566; *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen*, 840 F.3d at 613–14 (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). Thus, it is not CLS's responsibility to identify the membership of each of its member companies. *See id.* Rather, it is VBC's burden to show this Court that diversity exists. And VBC has not disputed that both parties are citizens of Delaware. *See generally* Dkt. 14; *see also* Dkt. 15-2 (State of

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 6

Delaware website showing HAT Investor Corp.'s incorporation status); Dkt. 15-3 (State of Delaware website showing BIMQuote Corp.'s incorporation status).

1. *Jurisdictional Discovery*

VBC still argues that the Court should allow jurisdictional discovery before remanding the case. Dkt. 14 at 7. VBC claims that "[t]he facts necessary to determine CLS'[s] actual citizenship are uniquely within CLS'[s] possession" and that VBC "had no access to these internal records at the time of removal and still lacks them today." *Id.*

District courts are "vested with broad discretion to permit or deny discovery[.]" *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery may "be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). Refusal to grant jurisdictional discovery is appropriate when "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction[.]" *Laub*, 342 F.3d at 1093 (citing cases). Thus, courts often deny jurisdictional discovery when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts[.]" *Id.* (citing *Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).

"It is well-established that the burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Does v. Trump*, 328 F. Supp. 3d 1185, 1196 (W.D. Wash. 2018) (quoting *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998)). Thus, VBC also bears the burden of showing that jurisdictional discovery is warranted before remand.

VBC argues that the "facts necessary to determine CLS'[s] actual citizenship are uniquely within CLS'[s] possession" and VBC, "as the removing party, had no access to these internal records at the time of removal and still lacks them[.]" Dkt. 14 at 7. But neither of these statements are entirely true. Corporate disclosures—including those for LLCs—are filed with the state and publicly available. *See* RCW 25.15.071(Washington law requiring executing of a certificate of filing with the Secretary of State to form an LLC); Del. Code Ann. Tit. 6, § 18-201(b) (Delaware law requiring filing with the Secretary of State to form an LLC); Dkt. 15-2; Dkt. 15-3. VBC attached to its opposition a certification from the State of Washington, attesting that CLS is an LLC. Dkt. 14-2. VBC could seek out the public filings for the other entities named by CLS in its motion for remand. *See* Dkt. 5 at 4–5; Dkt. 15-2; Dkt. 15-3. In its reply, CLS attached screenshots from the State of Delaware regarding the citizenship of the member entities. *See* Dkt. 15-2; Dkt. 15-3.

But even were these statements true, jurisdictional discovery would be unnecessary here. VBC has failed to show—or even to argue—that this Court's decision would be different after jurisdictional discovery. *See, e.g.*, *Laub*, 342 F.3d at 1093 (citation omitted); *Mackovich v. U.S. Gov't*, No. 06–cv–00422–SMS (PC), 2008 WL 2053978, *1 (E.D. Cal. May 13, 2008) (denying discovery where party made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected[.]") (citation omitted). VBC does not argue that jurisdictional discovery will show that CLS is not a citizen of Delaware. *See* Dkt. 14 at 7. VBC merely contends that, because CLS concedes it does not know the citizenship of all its many members, "jurisdictional discovery is essential." *Id.* But a remand would not be "based on speculation and incomplete disclosures." *Id.* Rather, it would be based on the evidence offered by CLS in its motion and accompanying declaration, stating clearly that two of its members are incorporated in Delaware. Dkt. 5 at 4; Dkt. 6 ¶¶ 7, 8. *See, e.g., Stimson Lumber Co. v. Coeur*

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 8

*d'Alene Tribe*, 621 F. Supp. 3d 1158, 1164 (D. Idaho 2022) (denying jurisdictional discovery where affidavit already stated facts sought in discovery). It is implausible that further discovery would "demonstrate facts sufficient to constitute a basis for jurisdiction" when the present facts establish that diversity jurisdiction is destroyed by the presence of Delaware citizens on both sides of the case. *See Laub*, 342 F.3d at 1093.

Thus, the request for jurisdictional discovery is DENIED.

*2.     Related Costs and Fees*

VBC also argues that attorney's fees and costs "are inappropriate" because VBC had an "objectively reasonable basis for removal." Dkt. 14 at 4 (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). CLS maintains that the removal was unreasonable. Dkt. 15 at 5. CLS notes that VBC alleged that CLS was a corporation, not an LLC. *Id.*; Dkt. 1 at 3. CLS alleges that "VBC avoided providing the requisite information to determine the citizenship of CLS [] for diversity jurisdiction purposes by subsequently characterizing CLS [] as a corporation." Dkt. 5 at 11. CLS claims that removal was little more than attempt to delay a state-court hearing on a temporary restraining order and prolong the litigation. *Id.* at 12.

The Court may award fees and costs under 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. The basis for removal is objectively reasonable if "a reasonable litigant in [the defendant's] position could have concluded that federal court was the proper forum in which to litigate [the plaintiff's] claims[.]" *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007).

A reasonable litigant could not have concluded that federal court was the appropriate forum when VBC removed the case. The complaint states that CLS is an LLC. Dkt. 1-3 ¶ 1. And

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 9

yet, in its removal notice, VBC claims that CLS is a corporation, identifying its citizenship based on the law governing corporations. Dkt. 1 at 3. And VBC identifies its full membership in the notice, showing that VBC understands how to determine citizenship for LLCs. *Id.* at 3–5.

Certainly, VBC was unaware of CLS's full membership at the time of removal. CLS did not identify its members and their citizenship in its complaint. *See* Dkt. 1-3 ¶ 1. But VBC could have waited to remove the case until that citizenship was ascertained. Generally, a defendant has thirty days after service is completed to file its notice of removal. 28 U.S.C. § 1446(b)(2)(B). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Had it later become known that the parties were diverse, VBC would still have had the opportunity to remove. *See id.*

Instead, VBC removed mere hours before a scheduled temporary restraining order hearing, Dkt. 5 at 2–3, claiming that CLS was a corporation despite both statements made in the complaint and publicly available government documents. In *Martin*, the Supreme Court explained the purpose of 28 U.S.C. § 1447(c):

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

546 U.S. at 140. Here, VBC removed the case to this Court without a reasonable basis for doing so, likely to delay the state court litigation. CLS is thus entitled to reasonable attorney's fees and costs under 28 U.S.C. § 1447(c).

ORDER GRANTING MOTION TO REMAND AND DISMISSING CASE - 10

**B.       Motion to Dismiss**

Because the Court finds that it lacks jurisdiction over the case, VBC's Motion to Dismiss the case, Dkt. 12, is DENIED as moot.

### V.       CONCLUSION

For these reasons, the Court does not have jurisdiction over the case. Thus, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for Pierce County in the State of Washington;

2. The Clerk shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for Pierce County, Washington;

3. The Clerk shall transmit the record herein to the Clerk of the Court for the Superior Court for Pierce County, Washington;

4. The Clerk shall close this case; and

5. CLS shall submit its fee petition within 14 days of this order, noting the motion for 21 days after filing, under LCR 7(d)(3). If the parties reach agreement on the amount of reasonable fees and costs, they may submit a stipulated same-day motion. This Court will retain jurisdiction solely over the fee petition.

Dated this 25th day of June, 2025.

Tiffany M. Cartwright
United States District Judge