UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONSTRUCTION LOAN SERVICES II LLC<br>Plaintiff,<br>vs.<br>VBC TRACY LLC; JOHN DOES 1-10,<br>Defendants. | Civil Action No. 3:25-cv-05347-TMC<br>DEFENDANT VBC TRACY LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET AMOUNT OF ATTORNEY FEES<br>NOTE ON MOTION CALENDAR: JULY 30, 2025<br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Plaintiff Construction Loan Services II, LLC's ("CLS") asks this court to impose over $24,000 in attorneys' fees based on Defendant VBC Tracy LLC's ("VBC") good faith reliance on CLS's jurisdictional disclosure and resultant removal. On the face of CLS's Complaint, CLS is identified only as "a Washington limited liability company with its principal place of business located in Pierce County, Washington,"[1] and it was on this jurisdictional allegation that VBC based its removal. That it was ultimately revealed, under ***seven (7) layers*** of ownership and a corporate structure confusing enough that CLS itself lacks an understanding of the citizenship of many of its own entities, that CLS has an entity

[1] Dkt. #1-4 at 2, ¶ 1.



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

with Delaware citizenship, did not make the removal a bad faith effort as contemplated by 28 U.S.C. § 1447(c).

Moreover, though CLS's Motion emphasizes the timing of VBC's removal to suggest that that a reasonable inference of an improper motivation existed, this argument is merely emotional – any amount of delay caused by the Court's consideration of jurisdiction would be the same regardless of ***when*** the case was removed. This is particularly true when a case is proceeding as quickly as this one – with only ***six (6) days*** between the filing of the Complaint and the removal that is the subject of this Motion. VBC's reliance on CLS's jurisdictional allegations should not be deemed sufficient to impose the requested monetary penalty, particularly given that the fees are excessive based on any reasonable standard, unsupported, and, in large part, were not incurred as a result of the removal. For these reasons, CLS's Motion to Set Amount of Attorney Fees should be denied.

## II. BACKGROUND

### A. Plaintiff filed its Complaint and VBC removed in absence of any indication there was a lack of complete diversity.

On April 18, 2025, Plaintiff CLS filed this action against VBC in Pierce County Superior Court, asserting claims for conversion and unjust enrichment based on an alleged "overpayment" and seeking a declaratory judgment and injunctive relief. *See* Dkt. #1-4 at 4-6, ¶¶ 17-31. The Complaint alleged that CLS "is a Washington limited liability company," but did not contain any allegations regarding the citizenship of its members. Dkt. #1-4 at 2, ¶ 1.

On April 24, 2025, VBC removed this action to federal court, six (6) days later. Dkt. #1. At this time, and in the course of an exceedingly expedited litigation process, VBC's only knowledge about CLS's citizenship came from CLS itself – that it is a



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Washington company. *See* Dkt #1-4 at, ¶1. However, on May 1, 2025, after VBC had removed, ***CLS asserted for the first time that it is also a citizen of Delaware***, and moved to remand this case back to state court, because VBC is also a citizen of Delaware. Dkt. #5 at 2, 4. In support of this new jurisdictional allegation, CLS submitted a declaration from its general counsel, Marcus Skeem. Dkt. #6. As was revealed here, CLS has a complicated, seven-layer ownership structure over the relevant entities, and is unable to provide jurisdictional information about numerous of its entities. Dkt. #6 at 1-2, ¶¶ 2-10. Such citizenship allegations were theretofore unknown to VBC.

During the course of this removal action, VBC filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and the doctrine of forum *non conveniens* and alternatively moved to transfer to another jurisdiction. Dkt. #12. The Court granted CLS's Motion to Remand this case on June 25, 2025 and denied VBC's Motion to Dismiss as moot. Dkt. #21. CLS filed this Motion to Set Attorney Fees on July 9, 2025. Dkt. #22.

## III. <u>LEGAL AUTHORITY AND ARGUMENT</u>

### A. VBC Removed the Case in Good Faith.

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 26 S.Ct. 704, 163 L.Ed.2d 547 (2005). A notice of removal need only include a "plausible allegation" of jurisdiction. *See Williams v. Warner Music Grp. Corp.*, 782 Fed.App'x 652, 653 (9th Cir. 2019).

In the event the opposing party successfully remands the action back to the State court, and seeks recovery of fees and costs under 28 U.S.C. § 1447(c), the Court must undertake some review of the merits of the removal petition to assess the reasonableness of the attempted removal. *Moore v. Permanente Med. Group,* 981 F.2d 443, 446-47 (9th



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Cir.1992). "The court must consider all of the circumstances surrounding removal and the degree to which removal was improper before deciding whether to award costs to the nonremoving party." Blum, 32A Am. Jur. 2d *Federal Courts* § 1385 (May 2025 update); *see also Ansley v. Ameriquest Mortg. Co*., 340 F.3d 858, 864 (9th Cir. 2003) (court may award attorney fees when removal is wrong as a matter of law).

Indeed, fees may only be awarded if the attempted removal was ***objectively unreasonable***. *See Martin*, 546 U.S. at 141. As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *see also Lussier v. Dollar Tree Stores, Inc*., 518 F.3d 1062, 1065 (9th Cir. 2008).

The basis of removal is objectively reasonable if "a reasonable litigant in [the defendant's] position could have concluded that federal court was the proper forum in which to litigate [the plaintiff's] claims[.]" *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). This analysis should also balance "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" with "not undermining Congress' basic decision to afford defendants a right to remove." *Martin*, 546 U.S. at 140.

Further, while a showing of bad faith is not necessary in order for the Court to exercise its discretion in awarding fees and costs to the party who successfully remanded the action[2], the Court can still consider whether the removal was colorable and was asserted in good faith—even if ultimately improper. *See, e.g.*, *Schuster v. Gardner*, 319 F.Supp.2d 1159, 1165-66 (S.D. Cal. 2003) (court refusal to award fees in bringing motion to remand

---

[2] *Moore*, 981 F.2d at 446-47; *see also Woolsey v. State Farm General Insurance Company*, 672 F. Supp. 3d 1018 (C.D. Cal. 2023).



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

not an abuse of discretion when removal not frivolous or motivated by bad faith); *Coman v. International Playtex, Inc*., 713 F. Supp. 1324, 1329 (N.D. Cal. 1989).

Consistently, a removal that ultimately lacks merit does not entitle the other party to fees unless that party lacked a reasonable basis for the removal. *See, e.g*., *Lussier*, 518 F.3d at 1065 ("But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"); *Webb Equipment Co., Inc. v. Auto Owners Ins. Co., Inc*., 2010 WL 1576731, at *4 (W.D. Wash. Apr. 20, 2010) (denying fees where Defendants relied in good faith upon a case interpretation, even though that interpretation was incorrect). Where "the petition of removal was filed in good faith . . . there is no conceivable basis for an award of attorney's fees and litigation expenses under an appropriate application of . . . 28 U.S.C. § 1447(c)." *Scheu v. Int'l Light Metals Corp*., 57 F.3d 1078 at *2 (9th Cir. 1995) (Table) (citing *Kelly v. State of Cal*., 687 F. Supp. 1494 (D. Nev. 1988), *aff'd*, 880 F.2d 416 (9th Cir. 1989)).

Most germane here, where removal is premised on the allegations in the Complaint, and ambiguity in the same, an award of fees under 28 U.S.C. § 1447(c) may be inappropriate even if the removal was found ultimately improper. *See, e.g*., *Woolsey*, 672 F.Supp.3d at 1029-30 (C.D. Cal. 2023) (rejecting request for fees for remand when the Complaint was ambiguous as to whether the amount in controversy exceeded the $75,000 jurisdictional threshold).

In deciding to remove this case, VBC reasonably relied on CLS's own jurisdictional allegations in concluding that CLS was solely a citizen of Washington. CLS's sole jurisdictional allegation related to its citizenship is that CLS "is a Washington limited liability company with its principal place of business located in Pierce County, Washington." Dkt. #1-4 at 2, ¶ 1. As does the Court, VBC looked at the face of CLS's



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Complaint to determine whether diversity of citizenship existed at the time removal was sought. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

While removal is considered objectively unreasonable when "[t]he relevant case law clearly opposed [the defendant]'s attempted removal," *Houden v. Todd*, 348 Fed.App'x 221, 223 (9th Cir. 2009), this removal was not based on a misapplication of the law, but rather a lack of relevant jurisdictional facts. Indeed, CLS itself was unable to provide any record support for the membership of many of its entities and, in making its assertion that this Court properly has jurisdiction over this case, made no allegations regarding the citizenship of its members, despite this being the standard by which the citizenship of a limited liability company is determined. *See, e.g., Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) (an LLC is "a citizen of every state of which its owners/members are citizens"); *Durbin v. Welcov Healthcare LLC*, 2018 WL 4898578, at *1 (D. Mo. Oct. 9, 2018).

VBC's conclusion that CLS was only claiming to be a citizen of Washington, even if later evidence showed that its citizenship stretched beyond Washington, does not amount to bad faith or an objectively unreasonable effort at removal. *See Norcraft Companies, LLC v. Ahrens Financial Sys. Inc.*, 2000 WL 1375269, at *3 (D. Kan. Sept. 15, 2000) (finding a fee award inappropriate where "Defendants acted to remove this case on a good faith belief it was appropriate" based on their "mistaken belief that [the case] presented ERISA issues"). Rather, jurisdictional allegations which accept as true the opposing party's own jurisdictional allegations should be deemed a good faith effort to "plausibl[y] alleg[e]" eligibility for removal. *Williams*, 782 Fed.App'x at 653. Here, VBC removed this case based on the facts as alleged in the Complaint.

Additionally, CLS points to the timing of the removal itself as justification for the requested monetary penalty, but this ignores the reality of the state court proceeding. This



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

case is moving quickly, and the timing of the removal ahead of the temporary restraining order hearing was a symptom of the expedited nature of the litigation rather than a deliberate attempt to delay state court proceedings. Indeed, the timing is irrelevant to the extent of delay – should VBC have worked around the clock to remove the case five days prior, ***the day after the Complaint was filed***, the extent of the delay would have been exactly the same.

Rather than an attempt to delay state court proceedings, the strategy underlying VBC's efforts to remove this case was based on protecting VBC's interests, which may be prejudiced by being hauled into court in Pierce County, Washington, ***a jurisdiction where it has not conducted any business***. The timing of the removal was irrelevant to this consideration and irrelevant to any alleged delay. As such, penalizing VBC for its good faith, though ultimately unsuccessful, attempt to remove this case would be inappropriate.

**B. CLS has not met its burden of establishing that their claimed fees are reasonable and were incurred as a result of the removal.**

**1. CLS's Claim Relies on Excessively High Hourly Rates.**

Reasonable attorneys' fees are determined by first calculating the "lodestar." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The lodestar is found "by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (9th Cir.1987). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262.

To determine whether these hourly rates are reasonable, the court considers the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895-96 & n. 11, 104 S.Ct. 1541, 79



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

L.Ed.2d 891 (1984). The court must consider "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d at 1210-11. In general, the relevant community is "the community in which the district court sits." *Schwarz*, 73 F.3d at 906 (internal quotation marks omitted). The narrow exception to this rule is that rates from outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (quotations and internal citations omitted).

Further "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 437). The court may adjust these hours downward if it finds the documentation to be inadequate, or the hours to be duplicative, excessive or unnecessary. *See Chalmers*, 796 F.2d at 1210; *see Gens v. Ferrell*, 2005 WL 3536112, at **2-3 (Dec. 22, 2005 N.D. Cal.) (reducing portion of plaintiff's requested award by one-half). The Court must also ensure that it excludes from the lodestar "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434).

Moreover, the Court can also consider whether certain billing practices, *i.e.*, block billing, effectively prevents the Court from determining whether the claimed hours are reasonable. *See, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (approving 20% reduction for block-billed time*); Trustees v. Premier Stone & Tile, Inc.*, 2016 WL 1182060, at *8 (N.D. Cal. Mar. 28, 2016) (reducing fee request by 20% across the board due to block billing, which made it impossible to address inefficiencies).



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Though VBC maintains that CLS is not entitled to compensation for its efforts to defend against VBC's motion to dismiss, the requested attorneys' fees are, regardless, based on excessive hourly rates. This is especially true given the relatively simple legal issue presented in this removal – diversity of citizenship – and that time spent by CLS in understanding its own corporate structure should not be reimbursable. Whether complete diversity exists is not a novel or particularly technical issue. *See Johnson v. Port of Seattle*, 261 F. Supp. 2d 1243, 1246 (W.D. Wash. 2003) (awarding $4,090.50 in attorneys' fees where the "time spent and the hourly rates [were] reasonable in light of the novel, technical, and rather difficult theory defendants proffered in support of the removal"). And to the extent that CLS's attorneys required so many hours to understand its own corporate structure, this cuts against CLS's claim that VBC's corresponding lack of understanding amounted to bad faith such that an award of fees is appropriate.

Further, assuming *arguendo* that CLS would not have had to defend against the alleged deficiencies in its causes of action or jurisdictional assertions absent this removal action, CLS requests over $24,000.00 for almost sixty (60) hours of work in connection to the Motion to Remand. CLS represents that three attorneys worked on this case: one partner for 30.80 hours at $450.00/hour, one associate for 24.90 hours at $380.00/hour, and one partner for 1.70 hours at $550.00/hour. Dkt. #23.

This is not only an excessive number of hours for the issues involved in the briefing, and an excessive number of hours billed to the higher $450.00/hour rate, but it is excessive generally warranting a severe reduction. *See* Declaration of William J. Leedom at ¶¶ 4-8. An alleged sixty (60) hours to research and brief a Motion to Remand, particularly in these circumstances, is patently excessive and not reasonable. *See, e.g., Yahne v. A1A, Inc.*, 2024 WL 416941, at *1-2 (W.D. Wash. Feb. 5, 2024) (reducing plaintiff's claimed 31.2 hours of work on motion for remand by 60%); *Jackson v. Neil*, 2018 WL 1510273, at *1-2 (N.D.



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

Cal. Mar. 27, 2018) (Court awarding $5,440 for 12.8 hours to research and brief motion to remand based on lack of complete diversity). The fact that CLS's attorneys block-billed their time, *see* Dkt. #23 at 6-8, also precludes this Court from making any reasonable analysis regarding whether the time spent on any task was reasonable and is further grounds to reduce any award by at least 20%. *See Welch.*, 480 F.3d at 948.

Moreover, CLS apparently had senior level attorneys billing at their higher rate perform the majority of the research and drafting tasks, which is a further ground for reduction in the excessive amount of hours spent. *See Trs. of N. Cal. Tile Indus. Pension Fund v. Premier Stone & Tile, Inc.*, 2016 WL 1182060, at *8 (N.D. Cal. Mar. 28, 2016) (ordering a 20% reduction to a requested lodestar and explaining that, "significantly, the lion's-share of the work was performed by . . . an extremely experienced lawyer who is being compensated at a high hourly rate. . . . [T]here were opportunities for more efficient staffing that were not taken advantage of."); *see also* Leedom Dec. at ¶¶ 6-8. While VBC's good faith removal should not be subject to monetary penalty regardless, it certainly should not be to the extent claimed by CLS.

**2. Costs Related to CLS's Defense Against VBC's Motion to Dismiss Were Not Incurred as a Result of the Removal.**

Because VBC's jurisdictional and legal arguments remain relevant to the state court proceeding, CLS's efforts to defend against VBC's motion to dismiss are not a sunk cost eligible for reimbursement. Under 28 U.S.C. § 1447(c), a party is only entitled to "just costs and any actual expenses . . . incurred *as a result of the removal*." In determining whether to award fees, courts must "be faithful to the purposes of. . . awarding fees . . . while not undermining Congress' basic decision to allow defendants to remove as a general matter when statutory criteria are met." *Martin*, 546 U.S. at 141. Courts distinguish between those costs which are a direct result of removal and those only indirectly related,



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

because "other fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995). These fees are not considered to have been "incurred as a result of the removal." *Id.*; 28 U.S.C. § 1447(c).

Here, VBC filed its Motion to Dismiss based on jurisdictional deficiencies and also alleged that CLS's causes of action fail to state a claim as a matter of law. Dkt. # 12. These jurisdictional deficiencies, as well as the deficiencies in CLS's underlying claims, remain and will be litigated in state court. As such, while the Motion to Dismiss was filed while the case was removed, it was not "as a result of the removal." 28 U.S.C. § 1447(c).

CLS's suggestion that it was forced to expend resources to defend against VBC's motion only due to the case's removal lacks merit. In considering whether they can exercise personal jurisdiction on a non-resident defendant, both state and federal courts in Washington rely on Washington's long-arm statute. *MBM Fisheries, Inc. v. Bollinger Mach. Shop & Shipyard, Inc.*, 60 Wash. App. 414, 423, 804 P.2d 627 (1991); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

Here, VBC has not engaged in any Washington-directed conduct, and it will make that argument again in state court. Similarly, VBC argued that CLS's claims fail as a matter of law – *Washington* law. The deficiencies present in CLS's claims for conversion and unjust enrichment remain the same. To allow CLS to recoup the full cost of its attorneys' work in defending against VBC's motion to dismiss would be to compensate them for work they would have had to do anyways. This is not a proper use of 28 U.S.C. § 1447(c), and such fees should not be recoverable.



LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
T: (206) 622-5511 F: (206) 622-8986

## IV. CONCLUSION

For the foregoing reasons, Defendant VBC respectfully requests that the Court deny Plaintiff CLS's Motion to Set Amount of Attorney Fees.

BLANK ROME LLP

By: s/ Daniel E. Rhynhart
Daniel E. Rhynhart (*Admitted Pro Hac Vice*)
Dan.Rhynhart@blankrome.com
Kevin M. Eddy (*Admitted Pro Hac Vice*)
Kevin.Eddy@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

BENNETT BIGELOW & LEEDOM, P.S.

By s/ William J. Leedom
William J. Leedom, WSBA No. 2321
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: wleedom@bbllaw.com

Attorneys for VBC Tracy LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By s/ William J. Leedom

William J. Leedom, WSBA No. 2321
Bennett Bigelow & Leedom, P.S.
601 Union Street, Suite 1500
Seattle, Washington 98101-1363
Telephone: (206) 622-5511
Fax: (206) 622-8986
Email: wleedom@bbllaw.com
Attorneys for VBC Tracy LLC