HONORABLE TIFFANY M. CARTWRIGHT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

CONSTRUCTION LOAN SERVICES II, LLC,

Plaintiff,

v.

VBC TRACY LLC; JOHN DOES 1-10,

Defendants.

Case No. 3:25-cv-05347-TMC

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SET AMOUNT OF ATTORNEY FEES

NOTE ON MOTION CALENDAR: JULY 30, 2025

## I. RELIEF REQUESTED

Plaintiff CLS II[1] respectfully requests the Court grant its Motion to Set Amount of Attorney Fees ("Motion"). CLS II was forced to incur significant attorney fees because VBC improperly and unreasonably hailed CLS II into federal court claiming CLS II was a corporation even though CLS II is conspicuously a limited liability company. The Court remanded this matter to state court and determined CLS II is entitled to its reasonable attorney's fees and costs under 28 U.S.C. § 1447(c). All fees CLS II incurred and requested in its Motion were the result of VBC's procedural gamesmanship in unreasonably removing this lawsuit to federal court. For the reasons

1 All defined terms, facts, and legal arguments found in CLS II's Motion are incorporated herein and supplemented in this Reply.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

stated herein and in CLS II's Motion, CLS II requests the Court award its fees in the amount of $24,457.00.

## II. AUTHORITY AND ARGUMENT

### A. The Court Already Awarded CLS II Its Attorney Fees Due to VBC's Improper Removal

A rather large section of VBC's Response in Opposition to Plaintiff's Motion to set Amount of Attorney Fees ("Opposition") is centered on VBC's purported "good faith" and its alleged "reasonable basis" in removing the Pierce County lawsuit to this Court. Yet, this Court already found: "A reasonable litigant could not have concluded that federal court was the appropriate forum when VBC removed the case."[2] Even after VBC and CLS II filed their corporate disclosure statements[3] showing there was a lack of diversity jurisdiction, VBC (on notice this Court lacked diversity jurisdiction) chose to oppose CLS II's motion to remand and *also* filed a motion to dismiss—resulting in increased costs of litigation for all parties.

The Court was clear in its ruling: "Here, VBC removed the case to this Court without a reasonable basis for doing so, likely to delay the state court litigation. *CLS is thus entitled to reasonable attorney's fees and costs under 28 U.S.C. § 1447(c).*"[4] Accordingly, CLS II is entitled to its reasonable attorney fees incurred as a result of VBC's improper removal.

### B. CLS II's Attorney Fees Incurred are Reasonable

CLS II should be awarded the full fees requested in the amount of $24,457.00. As provided in detail in CLS II's Motion and in the supporting declaration of

---

[2] Dkt. No. 21 (Order Granting Motion to Remand and Dismissing Case), pg. 9.

[3] Dkt. No. 2 & 11, respectively.

[4] *Id.* at pg. 10 (Emphasis added).



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

Kaya R. Lurie, CLS II's request for fees is calculated using the lodestar method. The lodestar amount:

> [I]s presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high.

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). CLS II met its evidentiary burden of showing the actual amount of attorney fees it incurred. VBC has failed to sufficiently rebut this presumption in its Opposition.

**1. CLS II's Fees and Amounts are Presumed Reasonable and Uncontested by Sufficient Evidence**

Here, VBC makes conclusory arguments regarding the excessive nature of CLS II's requested fees but VBC failed to submit its own fee declaration in opposition to the Motion. Washington state courts have found that where the challenging party fails to produce its own fee petition for comparison purposes, the Court should assume that the number of hours and amount of fees the challenging party incurred in prosecuting or defending are not substantially lower, if at all, than the claimant's fees. *See Fiore v. PPG Indus., Inc.*, 169 Wn. App. 325, 354, 279 P.3d 972 (2012). VBC failed to submit competent evidence and instead relies on mere speculation to contend that the hours, time spent, rates charged, and attorney fees incurred by CLS II were unreasonable. CLS II is entitled to an award of attorney fees as set forth in the proposed order it submitted with the Motion.

**2. VBC's Current Arguments Regarding the Simplicity of the Federal Court Motions is Rebutted by its Previous Contentions**

VBC's contention that CLS II's fees are excessive is unpersuasive. Although VBC first argued that CLS II had a "convoluted, multi-layered ownership structure"[5] and it

---

[5] Dkt. No. 14 (Defendant VBC Tracy LLC's Opposition to Plaintiff's Motion to Remand), at pg. 5.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

needed to conduct jurisdictional discovery in its opposition to the Motion to Remand, VBC now argues that CLS II incurred excessively high fees on a "relatively simple legal issue."[6] VBC cannot have it both ways. CLS II incurred a reasonable and necessary amount of fees in providing an analysis in showing that remand was appropriate here.

### 3. VBC Mischaracterizes the Amount of Time Spent and Fees Incurred

The hours outlined in the detailed billing entries attached to the Lurie Declaration are reasonable as they were necessarily incurred as a result of VBC's improper and unreasonable removal of this matter. VBC's assertion that Plaintiff's counsel spent "almost sixty (60) hours of work in connection to the Motion to Remand"[7] is clearly incorrect. As provided below, CLS II incurred the following fees separated by category (as detailed in the supporting exhibit to the Declaration of Kaya R. Lurie):

| **Motion for Remand Fees (including analyzing VBC's Removal Packet and drafting the Motion and Reply):** | | |
|---|---|---|
| | **Hours:** | **Amount:** |
| Benjamin I. VandenBerghe | 0.8 | $440.00 |
| Kaya R. Lurie | 16.6 | $5,105.00 |
| Michael L. Parrott | 4.2 | $1,596.00 |
| | | |
| **Responding to VBC's Improper Motion to Dismiss or Transfer:** | | |
| | **Hours:** | **Amount:** |
| Benjamin I. VandenBerghe | 0.9 | $495.00 |
| Kaya R. Lurie | 8.3 | $3,735.00 |
| Michael L. Parrott | 12.5 | $4,750.00 |

---

6 Dkt. No. 25 (Opposition), pg. 9.

7 *Id.*, at pg. 9.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

| | | |
|---|---|---|
| | | |
| **Complying with Federal Court Requirements (e.g., Corporate Disclosure):** | | |
| | **Hours:** | **Amount:** |
| Kaya R. Lurie | 1.7 | $630.00 |
| Michael L. Parrott | 0.1 | $38.00 |
| | | |
| **Motion to Set Amount of Fees (not including the anticipated amount designated for this Reply):** | | |
| | **Hours:** | **Amount:** |
| Kaya R. Lurie | 2.6 | $1,170.00 |
| Michael L. Parrott | 1.3 | $494.00 |

In addition, CLS II incurred the amount of $2,584.00 (6.8 hours) for Michael L. Parrott's time and $720.00 (1.6 hours) for Kaya R. Lurie's time spent on both the motion to remand and motion to dismiss. Therefore, VBC's contention that CLS II incurred more than 60 hours on the motion to remand is grossly inflated and a clear mischaracterization of Montgomery Purdue's billing. In fact, the number of hours spent analyzing VBC's removal packet, researching, and drafting the remand pleadings and supportive declarations is very close to the number of hours Mr. Leedom claims in his declaration is typical for this type of work.

**4. The Hourly Rates of Plaintiff's Counsel are Reasonable and CLS II's Requested Fees Includes Time Spent Primarily by Attorneys with Lower Rates**

CLS II's counsel's hourly rates are reasonable. The basis for establishing the fees charged by Montgomery Purdue is the set of factors established in RPC 1.5 as described in more detail in the Declaration of Kaya R. Lurie. One of these factors is the fee customarily charged in the locality for similar legal services. The hourly rates



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

for Benjamin I. VandenBerghe, Kaya R. Lurie, and Michael L. Parrott are reasonable and comparable with other attorneys in the area with similar experience.

It is undisputed that the hourly rates of Kaya R. Lurie and Michael L. Parrott are reasonable. William Leedom makes the conclusory allegation in his Declaration that the customary hourly rate for litigation attorneys is between $300–$480. While CLS II disputes the accuracy of this range (notably, Mr. Leedom's rate is well above this range), both Ms. Lurie's and Mr. Parrott's rates fall within this range.

Mr. Leedom takes issue with Mr. VandenBerghe's hourly rate being $25.00 higher than his. However, Mr. Leedom's rate alone is not indicative of the market as a whole or the sole measuring post for reasonableness. Mr. VandenBerghe is a member of Montgomery Purdue and has over twenty years of experience as a litigator; his hourly rate is reasonable for the reasons set forth above and in the Lurie Declaration.

Nevertheless, CLS II's request for fees only includes 1.7 hours for Mr. VandenBerghe. Indeed, CLS II's attorneys with lesser hourly rates took the lead in preparing and drafting the necessary pleadings in this matter. The contention that CLS II had "senior level attorneys billing at their higher rate"[8] doing the "lion's share of the work" goes against the evidence before this Court.

**C. CLS II Incurred Fees in Defending Against VBC's Motion to Dismiss Based on Authority and Remedies Exclusive to Federal Court**

CLS II is entitled to *all* of its fees incurred as a result of the improper and unreasonable removal of this matter. To rule otherwise would reward VBC's improper and unreasonable removal of this matter and continued procedural gamesmanship. As provided in CLS II's Motion, CLS II was forced to defend against VBC's motion to dismiss and transfer venue under an analysis exclusively related to federal law. The

---

[8] *Id.*, at pg. 10.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

claim that VBC will now bring its motion to dismiss, again, in state court requiring CLS II to, again, defend against it is inapposite (and supports awarding CLS II these fees).

CLS II's counsel had to research and include federal case law in its opposition to the Motion to Dismiss. CLS II's counsel will need to conduct additional research of Washington state court law to respond to VBC's Motion to Dismiss filed in Pierce County Superior Court. Thus, CLS II will incur additional fees in being forced to respond again to VBC's Motion to Dismiss filed in Pierce County Superior Court.

Courts apply different standards in analyzing a motion to dismiss in state court and federal court. *Compare Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 214, 118 P.3d 311, 320 (2005) (Washington state courts "must consider hypothetical facts. . .: '[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support plaintiff's claim.'"), *with Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (In Federal Courts, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."). In addition, VBC requested the remedy of transferring its case under applicable federal statutes to different federal venues (even though it was on notice – and never disputed – there was no diversity jurisdiction). Accordingly, CLS II incurred fees unique to federal court which were incurred "as a result of the removal" due to VBC improperly removing without a reasonable basis to do so, and CLS II requests the Court award it all fees related to both motions.

## III. CONCLUSION

For the reasons stated in its Motion, and in this Reply, CLS II requests it be awarded its attorney fees in the amount of $24,457.00 incurred as a result of VBC's improper and unreasonable removal.



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

DATED this 30th day of July 2025.

I certify this reply contains 1,822 words, in compliance with the Local Civil Rules.

MONTGOMERY PURDUE PLLC

*s/ Benjamin I. VandenBerghe*
Benjamin I. VandenBerghe
WA State Bar No. 35477
Email: biv@montgomerypurdue.com

*s/ Kaya R. Lurie*
Kaya R. Lurie
WA State Bar No. 51419
Email:
klurie@montgomerypurdue.com

*s/ Michael L. Parrott*
Michael L. Parrott
WA State Bar No. 55703
Email:
mparrott@montgomerypurdue.com

701 Fifth Avenue, Suite 5500
Seattle, WA 98104
Phone: 206-682-7090

*Attorneys for Plaintiff*



**MONTGOMERY PURDUE PLLC**
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. Parties may access this filing through the Court's CM/ECF system.

DATED this 30th day of July 2025.

Lisa J Hanlon

Lisa Hanlon



MONTGOMERY PURDUE PLLC
ATTORNEYS AT LAW
701 FIFTH AVENUE, SUITE 5500
SEATTLE, WA 98104-7096
TEL (206) 682-7090 FAX (206) 625-9534